IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRANCE J. KNIGHT,

Plaintiff,

v.

ROGER WALKER, et al.,

Defendants.                                     No. 08-CV-0272-DRH

## AMENDED ORDER

**HERNDON, Chief Judge:**

Now before the Court are two motions to dismiss Plaintiff's complaint for want of prosecution filed by Defendants Gary Condor, Linda Goforth, Jack Moore, Tom Maue, Roger Walker, Jr. and Rashida A. Pollion, CNP (Docs. 31 & 34). Specifically, Defendants move to dismiss Knight's case with prejudice as Knight failed to appear for his scheduled deposition and failed to contact the Defendants regarding his failure to attend the deposition.[1] On April 22, 2009 and May 12, 2009, the Court entered Orders notifying Knight that the motions to dismiss had been filed, that he had thirty days to file responses and that a failure to respond may result in the dismissal of his case (Docs. 32 & 35). As of this date, Knight has not filed a response to either motion.[2] Pursuant to **LOCAL RULE 7.1(c)**, the Court considers Knight's failure to respond to the motions as admission of the merits of the motions

---

[1]Both motions state that Knight was released from prison on February 10, 2009.

[2]The Court notes that the April 22, 2009 Order that was sent to Knight was returned to the Court as undeliverable (Doc. 33).

1

to dismiss.[3]

Accordingly, the Court **GRANTS** Defendants' motions to dismiss for want of prosecution (Docs. 31 & 34). The Court **DISMISSES with prejudice** Knight's cause of action. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 11th day of June, 2009.

/s/ David R Herndon
**Chief Judge
United States District Court**

---

[3]**LOCAL RULE 7.1(c)** provides in part: "An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion."